**Farmer v. Consla**

*Christopher J. Youngs,* for plaintiff.
*William L. Walker,* for defendant.

MILLER, *J.,* February 6, 1990 — This matter comes before the court on a request by defendant for a hearing alleging (a) that the hearing officer improperly arrived at defendant's monthly net income because she took into account incentive payments for piece work and (b) that the fact that defendant supports three stepchildren should be taken into account.

The court has thoroughly reviewed this matter and believes that the recommendation of the hearing officer properly calculated defendant's net income in order to arrive at his financial ability to pay support. His earnings over a six-month period of time should reflect highs and lows in earnings and thus produce a realistic average. Those were supplied by the employer.

What should be the effect of the presence of stepchildren who are being supported by defendant? Should defendant's support of those stepchildren, who are not receiving support from their natural fathers because one father cannot be found and the other father is disabled, be taken into account in arriving at defendant's expenses for the purpose of determining the appropriate amount of support he owes for his natural children? Should the number of stepchildren be added to the number of natural children to arrive at the total number of children defendant is to support in order to arrive at the dollar amount of support defendant owes for the natural children in plaintiff's custody?

A quick review of the law yields no appellate court decisions on this issue. The support guidelines (Pa.R.C.P. 1910.16-1) created a rebuttable presumption that the amount of support determined from the guidelines is correct (Pa.R.C.P. 1910.16-1) and establish a starting point (Pa.R.C.P. 1910.16-5).

The court is then obligated to take into consideration the needs and obligations of the parties in order to make allowance for the reasonable living expenses of defendant. *DeWalt v. DeWalt*, 365 Pa. Super. 280, 529 A.2d 508 (1987). The new rules and existing cases delineate the kinds of expenses that the court should consider which include "other support obligations" of defendant and "unusual needs and unusual fixed obligations" of defendant

(Pa.R.C.P. 1910.16-5(a)). Clearly defendant is not obligated to support the stepchildren, *Kline v. Sarubin,* 324 Pa. Super. 363, 471 A.2d 881 (1984); *Butler v. Butler,* 339 Pa. Super. 312, 488 A.2d 1141 (1985), and clearly the support of those stepchildren does not represent unusual needs of defendant himself. Those are not "reasonable living expenses of the defendant." His living expenses would relate to the cost of his own maintenance and others whom he is obligated to maintain.

Most of the other lower courts who have written on this issue agree that where a father remarries and voluntarily assumes new responsibilities for the support of the stepchildren, a reduction in the amount of support that he owes for his own natural children is not warranted. See *Commonwealth ex rel. Young v. Young,* 96 Montg. L.R. 334 (1973); *Commonwealth v. William Koble,* 36 Northum. L.J. 169 (1964); *Rothermel v. Rothermel,* 56 Schuylkill Leg. Rec. 179 (1959); *Commonwealth ex rel. Sommers v. Sommers,* 1 Bucks L. Rep. 297 (1950). One lower court opinion from Delaware County does support the defendant's view, which we reject (*Commonwealth ex rel. Jennings v. Jennings,* 57 Delaware Rep. 198 (1969)).

A father cannot take a voluntary reduction in pay, nor buy extravagant items nor refuse to work in order to reduce the amount of support he has to pay his natural children. Allowing a father to voluntarily take on additional children to whom he does not legally owe support is a similar problem which should not work to defendant's advantage. If we were to allow that sort of expense we would almost have to try the other related support cases to determine whether or not it is appropriate for the stepfather to be supporting the stepchildren and to find out why the natural father of those children is not supporting them.