432 A.2d 634

**Judith K. WITHEROW, Appellant,**

v.

**Wayne S. WITHEROW.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed July 17, 1981.

520

William C. Kriner, Clearfield, for appellant.

No appearance entered or briefs submitted on behalf of appellee.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

PER CURIAM:

Must consideration be given to a lump sum Worker's Compensation award in determining the amount of support which a parent can be ordered to contribute to the support of minor children? The trial court refused to consider such an award as an asset to be considered in fixing the amount which Wayne S. Witherow could be compelled to contribute to the support of his three children. Their mother, Judith K. Witherow, appealed, alleging that the Worker's Compensation award should have been taken into consideration. We agree and, therefore, remand for additional proceedings.

At a hearing on March 5, 1980, appellee's counsel stipulated that in June, 1979, his client had received a lump sum Worker's Compensation award of $26,000. The trial

court held that the award was a capital asset and not to be considered in determining the amount of the support order. Therefore, it based a support order of $280 per month solely on appellee's current income.

The law is clear that in evaluating a parent's support obligation, a court must consider the parent's income and the *full nature and extent* of the parent's property interests and financial resources. *Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562, 429 A.2d 665 (1981); *Commonwealth ex rel. ReDavid v. ReDavid,* 251 Pa.Super. 103, 380 A.2d 398 (1977). To refuse to consider a substantial cash compensation award made to a parent is an abuse of discretion requiring reversal.

The order of the trial court is reversed and vacated; and the case is remanded for proceedings consistent with the foregoing opinion.[1]

1. The record is inadequate and does not otherwise permit appellate review of the trial court's exercise of discretion in fixing the amount of the support order. The notes of testimony from the hearing have not been transcribed, and only the trial court's memorandum opinion has enabled us to determine that the Worker's Compensation award was not considered. Moreover, appellee's counsel, upon instructions of his client, has filed no brief. Under these circumstances we would, in any event, be compelled to remand for the development of a record sufficient to permit meaningful appellate review. See: *Mansfield v. Lopez,* 288 Pa.Super. 567, 432 A.2d 1016 (1981).