488 A.2d 1141

**Barbara A. BUTLER, Appellee,**

v.

**Elwin M. BUTLER, Appellant.**

Superior Court of Pennsylvania.

Argued July 19, 1984.

Filed Feb. 21, 1985.

314

Ronald C. Travis, Williamsport, for appellant.

James T. Rague, III, Mercer, for appellee.

Before CAVANAUGH, BECK and TAMILIA, JJ.

BECK, Judge:

This appeal from a child support order raises two issues: (1) whether in calculating appellant father's financial resources for child support, a court may include annuity payments he receives from a tort action award ("tort award") and (2) whether the instant support award is excessive. We affirm the order of the lower court.

[1] Our scope of appellate review in support proceedings is narrow.

[A]bsent a clear abuse of discretion, we will defer to the order of the lower court.... 'A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence....' '[I]f, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error.'

*Commonwealth ex rel. Scanlon v. Scanlon*, 311 Pa.Super. 32, 38–9, 457 A.2d 98, 101–02 (1983) (citations omitted) (footnotes deleted).

Appellant argues that the entire tort award may not be considered an income source for child support because it represents not only replacement for income but also compensation for pain and suffering. Appellant concedes, however, that the portion of the tort award intended as compensation for lost income is includable as an income source for child support. The unresolved question then is whether that portion of the tort award intended as compensation for pain and suffering is also includable as an income source

for child support. We hold that the entire tort award shall be considered as an income source for child support.

Citing *Witherow v. Witherow*, 288 Pa.Super. 519, 432 A.2d 634 (1980), appellant father argues that a parent's financial resources for child support should be computed exclusively from the parent's earnings or replacement for lost earnings. He concedes that in *Witherow* the court held that a lump-sum workers' compensation award constituted a financial resource for child support. Appellant, however, maintains that *Witherow* is distinguishable from the case sub judice on the ground that the workers' compensation award in *Witherow* represented replacement for lost earnings [1] and his tort award includes compensation for pain and suffering. We disagree.

We endorse the sound policy of this Commonwealth that in child support cases a court must "look beyond the actual earnings of the parties and consider the value and extent of their ... other financial resources" as well. *Dugery v. Dugery*, 276 Pa.Super. 51, 54, 419 A.2d 90, 91 (1980). In assessing the full measure of a parent's financial resources, a court must evaluate, *inter alia*, a parent's earning capacity,[2] property interests, stock holdings, real estate rents, alimony pendente lite award, and investments. *Cross v. Cross*, 310 Pa.Super. 124, 456 A.2d 214 (1983); *Commonwealth ex rel. Hagerty v. Eyster*, 286

1. Although primarily compensation for lost earnings and earning power, workers' compensation also provides reimbursement for medical expenses and reasonable attorney's fees. *Children's Aid & Family Services v. Workmen's Compensation Appeal Board*, 53 Pa.Commw. 379, 417 A.2d 1297 (1980).

2. When a parent's customary employment has been curtailed due to the parent's having become ill or disabled, the parent's financial resources must be computed, *inter alia*, upon the parent's actual earnings, if any, rather than the parent's earning capacity as indicated by the parent's employment history. *Roberts v. Bockin*, 315 Pa.Super. 52, 461 A.2d 630 (1983); *Straub v. Tyahla*, 274 Pa.Super. 411, 418 A.2d 472 (1980). Contrary to appellant's assertion, neither the record nor the lower court's opinion in the present case establishes that the court's support award was based upon a calculation of appellant's earning capacity. It was based on appellant's financial resources, i.e. his tort award.

Pa.Super. 562, 429 A.2d 665 (1981). In short, all the parent's assets must be examined regardless of the source; therefore, the entire tort award is properly includable in a determination of appellant's financial resources for child support.

The award as actually received by appellant is a single fund which appellant may expend in his discretion. The whole tort award is subject to all appellant's debts. It would, indeed, call into question the sanity of the law if this court were to rule that the tort award is available to pay debts to "the butcher, the baker and the candlestick maker" but not debts to appellant's child for support.

Alternatively, appellant contends that the tort award should be completely excluded from a calculation of his financial resources because the tort award resulted from an accident which preceded the birth of the parties' child.

 It is undisputed that a "parent's ability to pay [child support] ... is to be determined as of the time at which support payments are sought...." *Costello v. Le-Noir*, 462 Pa. 36, 40, 337 A.2d 866, 868 (1975). Correspondingly, it is clear that the computation of a parent's financial resources must include all assets available to the parent at the time support payments are requested. Since the tort award funds were available to appellant at the time of the instant support proceedings, such funds were necessarily part of appellant's financial resources for child support.[3]

Next, appellant argues that the support award is excessive because in assessing appellee's financial resources, the lower court considered appellee's actual earnings instead of appellee's earning capacity.

---

3. Our ruling in this regard is consistent with the Pennsylvania Supreme Court's assertion in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991, (1984), that "parents do have an obligation to share with their children the benefit of their financial achievement." Furthermore, ruling otherwise would effectively deprive a child of access to funds produced by investments or sales made before the child's birth while allowing a parent to utilize such currently available funds to maintain a higher standard of living.

At the time of the support hearing appellee received one hundred and three dollars ($103) per week in public assistance monies and was not gainfully employed outside the home. She was responsible for rearing her three minor children, ages 1, 6 and 9. In addition to having custody of the parties' child, appellee has custody of her two children by a previous marriage.

In *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 380 A.2d 400 (1977), we recognized the important child-care contributions of an unemployed nurturing parent and held that in appropriate circumstances a nurturing parent should not be expected to find employment in order to further the child's economic welfare at the expense of the child's emotional welfare.

[A] court cannot ignore the substantial nonmonetary contribution made by a nonworking spouse.... It would surely be ironic if by its support order a court were to dictate that a parent desert a home where very young children were present when the very purpose of the order is to guarantee the welfare of these same children. Such an order would ignore the importance of the nurture and attention of the parent in whose custody the children have been entrusted and would elevate financial well-being over emotional well-being. *Conway v. Dana*, [456 Pa. 536, 318 A.2d 324 (1974) ] does not require that a court be insensitive to the reality of the nonworking parent's contribution to the welfare of a child. Our Supreme Court did not intend to create a *per se* rule that the custodian parent was obligated to work in all cases.

... Of course, a court is not strictly bound by the nurturing parent's assertion that the best interest of the child is served by the parent's presence in the home.... But the court must balance several factors before it can expect the nurturing parent to seek employment. Among those factors are the age and maturity of the child; the availability and adequacy of others who might assist the custodian-parent; the adequacy of available financial resources if the custodian-parent does remain in the home.

We underscore that, while not dispositive, the custodian-parent's perception that the welfare of the child is served by having a parent at home is to be accorded significant weight in the court's calculation of its support order. *Wasiolek*, 251 Pa.Super. at 112–14, 380 A.2d at 402–03; *see Bender v. Bender*, 297 Pa.Super. 461, 444 A.2d 124 (1982).

■ Applying the *Wasiolek* analysis to the record before us, we note that appellee is the custodial parent of three young children. There are adequate financial resources available to support the parties' child without appellee's providing employment income for child support. Appellee maintains that her children require her presence at home. We, therefore, conclude that the trial court did not err in evaluating appellee's financial resources by considering appellee's actual earnings rather than appellee's earning capacity.

■ A parent of minor children who works in the home caring for children should be viewed as employed although he or she usually receives no pay check at the end of the week. It would be inequitable to consider the homemaker parent's earning capacity in the marketplace, and perhaps thereby force the homemaker parent into the marketplace, placing a double burden on the homemaker parent to work both in and outside the home. Work in the home is important and respected labor. It is an essential contribution to the quality of family life. The family, after all, is the keystone of our society. To rule under the circumstances of this case, as appellant would have us, that appellee's earning capacity in the marketplace is relevant would undermine appellee's family.

■ Finally, appellant contends that the lower court rendered an excessive award because in its written opinion, the court "recognize[d] that [appellee] has two children by a prior marriage in her household." [4]

4. We also find that the trial court properly evaluated the extent of the parties' financial resources and expenses in determining the amount of support to be paid by appellant.

Appellant's assertion that the existence of these children is irrelevant in calculating a support order is only partially correct. To the extent that appellee's other children affect the amount of her resources, if any, available to support appellant's child, it is relevant. Appellee has a duty to contribute to the support of all her children although appellant only has a duty to support his own child. *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974).

Accordingly, the lower court did not err in considering appellee's responsibility to her two children from another marriage.

For the foregoing reasons, we affirm the order of the lower court.