521 A.2d 955

**Lynda BABISH; Appellant,**

v.

**John A. BABISH.**

Superior Court of Pennsylvania.

Submitted Dec. 22, 1986.

Filed Feb. 25, 1987.

Kevin J. Rozich, Ebensburg, for appellant.

Andrew D. Gleason, Johnstown, for appellee.

Before WATKINS, CERCONE and HESTER, JJ.

HESTER, Judge:

Appellant, Lynda Babish, and appellee, John Babish, were divorced on January 15, 1985. The parties had four children. On February 7, 1984, appellant filed a complaint for child support. The Cambria County Court of Common Pleas ordered appellee to pay $175.00 per month support.

A status conference was held on August 5, 1985, at which time appellee was paying support of $175.00 per month for two children still living with appellant. On August 20, 1985, appellee filed a petition to decrease support, asserting he was earning less money because his workers' compensation benefits had been terminated, he had secured employment, and he was earning less than he had received for his disability. Appellant's brief at 4. Another conference was held on September 17, 1985. At this conference, counsel for

appellant asked appellee if he had received a lump sum workers' compensation award, and appellee specifically denied receiving such an award.[1] The court reduced the support order from $175.00 to $140.00 per month on September 20, 1985. On November 7, 1985, appellant filed a petition to increase support, asserting that appellee had received a lump sum workers' compensation award. A hearing was held on December 12, 1985, before a hearing officer.

Due to the significance of the misrepresentation to the court, another hearing was held before a permanent hearing officer on January 7, 1986. Appellee admitted that he had lied about receiving the $26,000.00 workers' compensation award, N.T., 1/7/86, at 23, but declared that he had spent the money to purchase a house. Based on this testimony, the permanent hearing officer determined that the previous reduction of appellant's obligation of support to $140.00 per month had been proper. He recommended, however, that appellee pay an additional $60.00 per month on arrearages. Following oral argument, the Honorable Caram Abood dismissed appellant's exceptions to the permanent hearing officer's findings of fact and recommendation. This appeal followed.

Appellant asserts that the court erred in failing to consider the $26,000.00 lump sum workers' compensation award in determining appellee's ability to pay child support. We agree.

■ Our scope of review in support proceedings is narrow. Absent a clear abuse of discretion, we will defer to the order of the trial court. *Jaskiewicz v. Jaskiewicz*, 325 Pa.Super. 507, 473 A.2d 183 (1984). However, "if ... the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence or the record, discretion is then abused and it is the duty of the appellate court to correct the error." *Commonwealth ex*

1. We have no record of this conference. At a subsequent hearing on this matter, the above facts were established. Notes of Testimony (N.T.), 1/7/86, at 3–6.

*rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 39, 457 A.2d 98, 102 (1983) (citations omitted).  Further, we have held that, before entering a child support order, the trial court "should consider the parent's income and the full nature and extent of the parent's property interests and financial resources." *Pawol v. Pawol,* 293 Pa.Super. 29, 34, 437 A.2d 974, 977 (1981).

In *Witherow v. Witherow,* 288 Pa.Super. 519, 432 A.2d 634 (1981), we held that the trial court abused its discretion in refusing to consider a $26,000.00 lump sum workers' compensation award when determining the husband's ability to pay child support.  Such consideration was necessary to allow evaluation of the *"full nature and extent* of the parent's property interests and financial resources." *Id.,* 288 Pa.Superior Ct. at 521, 432 A.2d at 634 (emphasis in original).

Similarly, in *Butler v. Butler,* 339 Pa.Super. 312, 488 A.2d 1141 (1985), we held that a court must consider an entire tort award received by the father in determining his financial resources for child support.  We held that *Witherow* was not distinguishable simply because the workers' compensation award in that case represented replacement for lost earnings, whereas the tort award in *Butler* included compensation for pain and suffering.  As we stated in *Butler,* and reaffirm here:

> The award as actually received by appellant is a single fund which appellant may expend in his discretion.  The whole tort award is subject to all appellant's debts.  It would, indeed, call into question the sanity of the law if this court were to rule that the tort award is available to pay debts to "the butcher, the baker and the candlestick maker" but not debts to appellant's child for support.

*Id.,* 339 Pa.Superior Ct. at 317, 488 A.2d at 1143.

Thus, it is clear that the lump sum award received by appellee should have been considered by the court when determining the proper amount of child support following the September 17, 1985 hearing, which was the first determination of the parties' ability to pay support following

appellee's receipt of the award.ˈ It was at this hearing that appellee lied about receiving the award and requested a decrease.

In upholding the reduction of appellee's support from $175.00 to $140.00 per month, the permanent hearing officer stated, in pertinent part:

It is the feeling of this hearing officer that [the lump sum award] should not change the base order, but should effect [sic] payment on the arrearages.

2. The Defendant presented testimony outlining exactly where the $26,500 had been spent. It was used to renovate a home which he had purchased. . . .

I would therefore recommend taht [sic] the existing order be modified to the extent that the Defendant pay an additional $60.00 per month to be applied to the arrearages.

Findings of fact, 4/17/86, at 1–2.

The trial court accepted the hearing officer's findings and stated:

The Permanent Hearing Officer obviously felt that an increase in the support amount was not warranted. The Permanent Hearing Office [sic] did provide for a monthly payment on the accumulated arrears.

Normally an asset, regardless of its source, assuming a legal source, is considered when establishing a support order. There is no question that it should be considered. From a review of the findings and recommendation of the Permanent Hearing Officer, he did consider it and concluded it did not justify an increase in the base support amount. Unless there is an apparent abuse of discretion on an outright oversight, the Court will not disturb a finding of the Permanent Hearing Officer.

Trial court opinion at 2.

Contrary to the conclusion of the trial court, our review of the findings and recommendation of the hearing officer does not reveal that he considered appellee's receipt of the lump sum award. Rather, the hearing officer acknowledged that the award had indeed been received by appellee,

but then apparently concluded that since it was already spent, it was not available as a source. As we stated in *Commonwealth ex rel. Loring v. Loring*, 339 Pa.Super. 92, 96, 488 A.2d 324, 326 (1985), "[W]hile the trial court did 'consider' appellant's expenses in that it listed them, it did not actually use them in arriving at an amount of support. So, in effect, by ignoring them, the court did not really 'consider' them, as is mandated by our case law."

Similarly, in the present case, although the hearing officer noted that the award had been received, he did not *use* it in determining appellee's ability to pay. If such an award is "primarily compensation for lost earnings and earning power," *Butler v. Butler, supra*, 339 Pa.Super. at 316 n. 1, 488 A.2d at 1141 n. 1, the addition of $26,000.00 to one's income would certainly affect his ability to pay support.

■ We will not sanction the deliberate actions of appellee as demonstrated by the record. It does not matter that he depleted the substantial award. Parents have an obligation to share with their children the benefit of their financial achievement. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). Further, "a parent may not voluntarily decrease his or her ability to provide child support by making unreasonable or unnecessarily large expenditures for his or her own benefit." *Id.*, 505 Pa. at 470, 480 A.2d at 996.

It is clear that appellee lied about his receipt of the $26,000.00 award. Only after the money was spent did he admit having received it. His attempt to justify his actions by emphasizing that he spent the money on a new house for his new wife has no bearing on this issue. He received a $26,000.00 award, and he lied to the court in an effort to shield it from affecting his ability to pay child support. Appellee's primary legal obligation is to his children and "he may not diminish his ability to provide for them in order to ensure a more comfortable [existence] for himself." *Id.*, 505 Pa. at 477, 480 A.2d at 998.

The order of the trial court is reversed and vacated; the case is remanded for a determination of appellee's ability to

124

pay support in light of the addition of the lump sum workers' compensation award to his income. Jurisdiction is relinquished.