686 A.2d 1346

**Gracie Mae DARBY**

v.

**Richard Lee DARBY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1996.

Filed Dec. 30, 1996.

64

Kenneth W. Wargo, Erie, for appellant.

Larry D. Meredith, Erie, for appellee.

Before POPOVICH, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

■ Richard Lee Darby ("Father") appeals from the March 14, 1996 order entered by the Court of Common Pleas of Erie County in this child support action.[1] Father argues the trial court erred in treating the entire lump sum he received in settlement of a personal injury claim as income available for child support. We affirm.

The record reveals the following. Father and Gracie Mae Darby ("Mother") are the parents of a daughter born March 24, 1983. The parents separated on April 19, 1993. Mother instituted this support action. On June 10, 1993, the parties reached an agreement pursuant to which Father would pay $200 monthly in support and twenty-one dollars per month toward arrearages. Father, a laborer for a paper company, had been injured in a work-related accident and was receiving only workmen's compensation.

Later, during Father's treatment at Pennbriar Rehabilitation Center, an exercise machine malfunctioned and severely injured his knee. As a result, Father requires knee replacement surgery and is unable to return to his former employment. He presently works with the Pennsylvania Office of Vocational Rehabilitation and will continue to do so until he undergoes his planned knee operation. However, he does not anticipate returning to his former employment or to equivalent employment following his knee replacement. Father instituted a tort action against the rehabilitation center. In November, 1995, Father settled this claim for $300,000. Mother shortly thereafter filed a petition wherein she sought an increase in support based on Father's settlement.

1. We note that support orders no longer are appealable immediately if the support action is filed separately where a divorce action also has been filed. *See Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192 (1996). However, the record indicates a divorce decree between these parties was entered on July 8, 1994.

At the support hearing, Father argued that much of the settlement is not immediately available to him. His former employer had filed a workmen's compensation subrogation lien against the funds of appellant's settlement with Pennbriar. Father also asserted he had expended some of the funds to purchase two used automobiles and to pay Mother the balance she was owed for equitable distribution. The hearing officer rejected these arguments. Instead, he subtracted only attorney's fees of $110,000 from the $300,000 settlement, and determined that Father had immediate access to the balance of $190,000 for child support.

The hearing officer divided the $190,000 balance by twelve to arrive at $15,833 in disposable monthly net income for Father. Mother earned $833 net per month. Because Mother earned less than $2,000, the hearing officer imputed $2,000 to her as income and treated the parties' combined net income as less than $10,000. *See* Pa.R.C.P. 1910.16–5(a)(1). Pursuant to that rule, the hearing officer therefore subtracted Mother's income of $833.61 from $10,000 and calculated $9,166.39 as the presumptive minimum available for support. The trial court multiplied $10,000 by 11.5% for support of one child, thereby arriving at a presumptive support figure of $1,150.[2] This amount was multiplied by ninety-two percent, representing the ratio for Father's income to Mother's income, to arrive at a figure of $1,058 per month. Consequently, the hearing officer recommended increasing Father's support obligation to $1,058 per month, plus $106 toward arrears. Later, following a *de novo* hearing, the trial court adopted the hearing officer's recommendations. This appeal followed.

■ Our standard of review is clear. In *Frankenfield v. Feeser*, 449 Pa.Super. 47, 50–51, 672 A.2d 1347, 1349 (1996) (citations omitted), we stated:

---

**2.** We note that the trial court appears to have applied Pa.R.C.P. § 1910.16–5 erroneously in that the court should have multiplied Father's presumed income of $9,166 by 11.5% rather than by the parties' combined presumed income of $10,000. However, since none of Father's arguments relate to the correctness of the calculations, we need not address the matter further.

In reviewing a child support order, our standard of review is narrow: we will not interfere with the trial court's order absent a clear abuse of discretion, shown by clear and convincing evidence. "An abuse of discretion is more than an error of judgment. It must be a misapplication of the law or an unreasonable exercise of judgment."

Father readily concedes that interest and dividend income earned by the settlement money may be considered for support. However, Father insists that treating the entire lump-sum payment, which is an asset, as income is contrary to the statutory intent of the legislature. In support of his argument, Father first argues that 23 Pa.C.S. § 4302 defines twenty-one separate categories of income but none of them include a lump-sum payment received in settlement of a tort claim. 23 Pa.C.S. § 4302, in pertinent part, defines "income" to include:

[C]ompensation for services, including, but not limited to, wages, salaries, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rent; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits, railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workmen's compensation and unemployment compensation.

■ We reject this argument. We note that section 4302 specifically states, "Compensation for services, *including, but not limited to* . . . ." (emphasis added). Statutory interpretation requires that words and phrases be accorded their plain meaning. *See* 1 Pa.C.S. § 1903. Thus, the types of income listed in 23 Pa.C.S. § 4302 are examples of income available for support; the list plainly is not intended to be all-inclusive. Moreover, actual earnings are not necessarily utilized; courts are required to determine ability to pay from all financial

resources in determining earning capacity. *See Blaisure v. Blaisure,* 395 Pa.Super. 473, 577 A.2d 640 (1990) (earning capacity includes money from all sources, not just actual earnings).

Next, appellant argues that federal tax laws exclude personal injury awards from treatment as income for federal tax purposes. *See* 26 U.S.C.A. § 104(a)(2). He also contends Pennsylvania does not include damage awards within its definitions of classes of income. *See* 72 P.S. § 7303. He contends this suggest his tort award should not be considered income for support.

■ We are not persuaded that the tax definitions of income are controlling with regard to defining income for purposes of support. Tax law contains many preferences and definitions for fiscal and other purposes which have no relationship to support. We specifically have held that taxable income is not the same as net income used to determine support obligations. *See Flory v. Flory,* 364 Pa.Super. 67, 527 A.2d 155 (1987) (it is actual income and not taxable income which constitutes the basis for calculating support). Moreover, the support law contains no reference to tax law. Accordingly, we reject appellant's assertion that federal or Pennsylvania tax treatment of personal injury awards is persuasive with respect to classifying money for support purposes.

■ Appellant next argues the trial court erroneously relied upon *Butler v. Butler,* 339 Pa.Super. 312, 488 A.2d 1141 (1985), in determining that his tort settlement was available for support. In *Butler,* we addressed whether all the annuity income from a tort award could be considered as income for support. We concluded that all the annuity income was available for support even though part of it represented compensation for pain and suffering as well as for lost income. *Id.* Appellant nevertheless asserts *Butler* is not controlling herein since *Butler* was decided before the implementation of the current support guidelines and before the enactment of 23 Pa.C.S. § 4302. We disagree. Nothing set forth in 23 Pa.C.S. § 4302 or the support guidelines suggests our legislature

intended to alter the rationale used to determine income available for support in *Butler*.

Next, appellant attempts to distinguish *Butler* on grounds that part of the lump-sum payment represents compensation for future pain and suffering and medical expenses as well as current pain and suffering, medical expenses, and lost wages. In *Babish v. Babish*, 361 Pa.Super. 118, 121, 521 A.2d 955, 957 (1987), we addressed this issue and unequivocally affirmed our prior holding in *Butler*, stating:

> In *Witherow v. Witherow*, 288 Pa.Super. 519, 432 A.2d 634 (1981), we held that the trial court abused its discretion in refusing to consider a $26,000.00 lump sum workers' compensation award when determining the husband's ability to pay child support. Such consideration was necessary to allow evaluation of the *"full nature and extent"* of the parent's proprietary interests and financial resources. *Id.*, 288 Pa.Super. at 521, 432 A.2d at 634 (emphasis in original).

> Similarly, in *Butler v. Butler*, 339 Pa.Super. 312, 488 A.2d 1141 (1985), we held that a court must consider an entire tort award received by the father in determining his financial resources for child support. We held that *Witherow* was not distinguishable simply because the workers' compensation award in that case represented replacement for lost earnings, whereas the tort award in *Butler* included compensation for pain and suffering. As we stated in *Butler* and reaffirm here:

>> The award as actually received by appellant is a single fund which appellant may expend in his discretion. The whole tort award is subject to all appellant's debts. It would, indeed, call into question the sanity of the law if this court were to rule that the tort award in available to pay debts to "the butcher, the baker and the candlestick maker but not debts to appellant's child for support."

> *Id.*, 339 Pa.Super. at 317, 488 A.2d at 1143.

We therefore conclude this authority is dispositive regarding appellant's argument that the settlement encompasses more than current lost wages.

Appellant next argues that there is a difference between a lump-sum payment and multiple payments received from an annuity. He argues that a lump-sum payment is an asset which will be depleted by the support order, and he is dependent upon the lump-sum payment until he recovers.

We disagree. We see no difference between an award paid as a lump sum and one paid as an annuity. The basis for the award is the same; the fact that it is paid over a period of time does not alter its character. Consequently, the entire settlement correctly was found to be available for support under the rationale set forth in *Butler v. Butler, supra.*

Finally, appellant asserts that dividing the lump-sum payment by twelve overstates his available resources in view of his lack of employment. Thus, this would result in a confiscatory and unfair order. He further argues it improperly converts assets into income.

We observe that it is earning capacity and *other financial resources* which are considered in determining support, not just current actual earnings. *See Blaisure v. Blaisure, supra* (ability to pay support is determined primarily by the parent's financial resources and earning capacity). The actual calculations utilized herein are supported by the record. Absent some showing by appellant that this method is erroneous, it must be upheld. *See Dugery v. Dugery,* 276 Pa.Super. 51, 419 A.2d 90 (1980) (court has power and duty to look beyond the actual earnings of the parties and consider the value and extent of their other financial resources). We therefore find the support order is supported by the calculations in the record and is not so large or unreasonable as to be confiscatory. *See Frankenfield v. Feeser, supra.*

Order affirmed.