J-S03028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.G.M. | |
| Appellee | No. 1150 WDA 2016 |

Appeal from the Order Dated July 6, 2016
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS200900847 / PASCES 543100845

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED MAY 24, 2017**

Appellant, J.D. ("Mother"), appeals from the order dated July 6, 2016, awarding support of her child, L.F.D. ("the Child"), born in 1999.[1]  We affirm in part, vacate in part, and remand.

In 1999, the day after the Child's birth, a support complaint was filed in Montgomery County by Mother against D.G.M. ("Father").  On March 23, 2007, the Montgomery County court ordered Father to pay $421.00 per month in child support.

On April 30, 2009, the action was transferred to Erie County.  At the time of the transfer, Father was $10,432.02 in arrears.  On May 28, 2009,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Child was seventeen years old at the time the support order was entered and the appeal was filed.

the domestic relations court of Erie County ordered Father to pay $79.00 per month towards this arrearage.

In 2014, Father filed a petition to modify child support. By that time, Father had become "permanently disabled and [could not] work." Domestic Relations Ct. Op., 9/9/16, at 2.[2] Father's "net worker's compensation lump sum of $90,647.82 was intended to take the place of his entire future earnings, as he is unable to work due to his disability." *Id.* (footnote omitted).

Following a hearing on June 28, 2016, the domestic relations court found that Mother's monthly net income is $2,384.19, that Father's monthly net income is $1,740, and that Father owes $7,659.70 in arrears. The court calculated Father's income by amortizing the benefits Father receives from workers' compensation and Social Security benefits over 328 months. Based on this calculation, the domestic relations court ordered Father to pay $260 per month for current support and $40 per month for arrearage, totaling $300 per month.

On August 9, 2016, Mother filed a notice of appeal of this order. She now raises three issues on appeal:

> I.    Did the learned trial judge err in amortizing [Father's] worker's compensation compromise and release and social security benefits of $90,647.82 over 328 months rather than over the . . . Child's remaining minority?

_____

[2] Father did not file a brief with this Court.

II.     Did the learned trial judge err in fashioning a child support order of only $260.00 per month until the child reaches her majority or graduation of high school whichever is later as [the judge] failed to properly calculate the [Father]'s income for the Child's remaining minority?

III.    Did the learned trial judge err in failing to order a lump sum payment of arrears?

Mother's Brief at 3.

Our standard of review is clear:

In reviewing a child support order, our standard of review is narrow:  we will not interfere with the trial court's order absent a clear abuse of discretion, shown by clear and convincing evidence.  "An abuse of discretion is more than an error of judgment.  It must be a misapplication of the law or an unreasonable exercise of judgment."

*Darby v. Darby*, 686 A.2d 1346, 1348 (Pa. Super. 1996) (quoting

*Frankenfield v. Feeser*, 672 A.2d 1347, 1349 (Pa. Super. 1996) (citations

omitted)), *appeal denied*, 698 A.2d 594 (Pa. 1997).

In its opinion dated September 9, 2016, in response to Mother's first

two issues, the domestic relations court stated:

Upon review of the record, the [c]ourt concedes the amortization of the lump sum of $90,647.82 over 32[8] months to be in error. The [c]ourt intended for the $90,647.82 to be amortized over [Father]'s estimated working life, 181 months. . . . Thus, [Father]'s monthly support obligation should be calculated as $302.17 plus $40 for arrears, for a total of $342.17 per month.

Domestic Relations Ct. Op., 9/9/16, at 1-2 (footnote omitted) (citing N.T.,

7/6/16, at 7-8).  We agree, vacate the support order in part, and remand in

order for the domestic relations court to correct its acknowledged error.

Mother's final issue is that the domestic relations court "erred in failing to order a lump sum payment of arrears." Mother' Brief at 13. Mother relies on 23 Pa.C.S. § 4308.1(a), (f):

> **(a) General rule.—**Overdue support shall be a lien by operation of law against the net proceeds of any monetary award, as defined in subsection (i), owed to an obligor, and distribution of any such award shall be stayed in an amount equal to the child support lien provided for under this section pending payment of the lien. Except as provided in subsection (c) or (f), nothing in this section shall provide a basis for a paying agent or an insurer to delay payment of a settlement, verdict or judgment.
>
> *    *    *
>
> **(f) Workers' compensation awards.—**With respect to any monetary award arising under the act of June 2, 1915 (P.L. 736, No. 338), known as the Workers' Compensation Act, or the act of June 21, 1939 (P.L. 566, No. 284), known as The Pennsylvania Occupational Disease Act, no order providing for a payment shall be entered by the workers' compensation judge unless the prevailing party or beneficiary, who is a claimant under either or both of the acts, shall provide the judge with a statement made subject to 18 Pa.C.S. § 4904 that includes the full name, mailing address, date of birth and Social Security number for the prevailing party or beneficiary who is a claimant under either or both acts. The prevailing party or beneficiary, who is a claimant under either or both of the acts shall also provide the judge with either written documentation of arrears from the Pennsylvania child support enforcement system website or, if no arrears exist, written documentation from the website indicating no arrears. The judge shall order payment of the lien for overdue support to the department's State disbursement unit from the net proceeds due the prevailing party or beneficiary who is a claimant under either or both acts.

23 Pa.C.S. § 4308.1(a), (f). Mother opines that there is no basis to allow Father to "drag out" payment of arrears when he has sufficient funds to pay

- 4 -

a lump sum. Mother's Brief at 14. In her view, any payment of arrears should favor the Child, and a lump sum payment was required. *Id.*

The domestic relations court stated that 23 Pa.C.S. § 4308.1 "does not require the payment of arrears to be made in a lump sum." Domestic Relations Ct. Op., 9/9/16, at 3. We find nothing in the language of Section 4308.1 requiring a lump sum payment of child support arrears and have found no case law obligating an award of a lump sum payment instead of installment payments. *See generally* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"). Mother likewise has not cited to any case law in support of her argument. Thus, we conclude that the domestic relations court did not abuse its discretion in ordering Father's arrearage to be paid in installments. *See Darby*, 686 A.2d at 1348.

The portion of the support order amortizing payment over 328 months, instead of the intended 181 months, is vacated. Otherwise, the order is affirmed.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2017