J-A17009-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| TIMOTHY JOHNSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONRO MUFFLER BRAKE, INC., AND | : | No. 1794 WDA 2017 |
| BRIAN RADIGAN | : | |

Appeal from the Order Entered November 15, 2017
In the Court of Common Pleas of Erie County
Civil Division at No(s):  No. 12059 of 2016

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                              FILED OCTOBER 11, 2018

Timothy Johnson appeals from the Order entered in the Court of Common Pleas of Erie County, on November 15, 2017, granting summary judgment in favor of Monro Muffler Brake, Inc. (Monro) and Brian Radigan and dismissing Johnson's claims with prejudice.[1]  In this timely appeal, Johnson raises two issues.  First, he claims the trial court erred in holding claims of fraud and identity theft required pleading pecuniary damages.  Second, he claims the trial court erred in holding exemplary ("punitive") damages were unavailable without pleading and proving pecuniary damages.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm in part, reverse in part, and remand for further proceedings.

_____

[1] The order also dismissed Defendants' New Matter and cross-claims.

Johnson was an employee of Monro,[2] from June 15, 2014 to July 1, 2015. See Second Amended Complaint, ¶ 4. Johnson is licensed by the Commonwealth of Pennsylvania to perform annual motor vehicle inspections and did so for employer, Monro. Id. After quitting his job at Monro, Johnson became a licensed motor vehicle mechanic for Rick Weaver & Sons. Subsequent to Johnson leaving Monro's employment, Brian Radigan remained as an employee. Id., at ¶ 7. Radigan's license to perform motor vehicle inspections had expired; nevertheless, Radigan performed approximately 23 inspections using Johnson's license number and forging Johnson's signature on the official paperwork. Id.; Monro Motion for Summary Judgment, Exhibit B.

A Pennsylvania Emission Team Quality Assurance Officer (QAO) discovered the fraudulent use of Johnson's name and license number through a routine inspection on August 11, 2015. Monro Motion for Summary Judgment, Exhibit B. Johnson claimed that based on this discovery, the Pennsylvania State Police approached him at his new place of employment and accused him of participating in the fraud, and threatened to arrest him. Id. at Exhibit E.[3] Johnson claimed this encounter occurred in front of co-

_____

[2] Pursuant to Monro's, August 3, 2017, Motion for Summary Judgment, Exhibit B, Pennsylvania Department of Transportation's Response to Johnson's Subpoena to Produce Documents, the Monro Muffler shop in question was located at 4048 Buffalo Road, Erie, Pennsylvania 16510.

[3] Exhibit E is Johnson's Pre-Trial Narrative Statement, filed July 21, 2017. It does not appear that Johnson was ever deposed.

workers and management, id., and caused him to suffer "embarrassment, humiliation, and mental anguish, and interference with business relationships." Second Amended Complaint, at ¶¶ 18, 19.

Subsequently, Johnson filed a complaint against Monro and Radigan, asserting claims, sounding in negligence, fraud, identity theft and respondeat superior. Responding to preliminary objections, Johnson eventually filed a second amended complaint with counts of fraud and identity theft directed against Radigan and respondeat superior against Monro. After relevant discovery ended, Monro filed a motion for summary judgment claiming Johnson had not suffered any compensable damages for any of his claims. Radigan joined in the motion and the trial court agreed. Johnson filed this appeal, raising the issues cited above in his Pa.R.A.P. 1925(b) statement.

Our standard of review for the grant of summary judgment is well settled.

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. [Pa.R.C.P. 1035.2] The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof… establishes the entitlement of the moving party to judgment as a

matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Vinson v. Fitness & Sports Clubs, LLC, 187 A.3d 253, 257 (Pa. Super. 2018) (citations omitted).

Initially, we note that Johnson has not challenged the dismissal of his claim of respondeat superior, Count III, against Monro. Therefore, the dismissal of that claim will not be addressed. Further, although Johnson lists the fraud claim in his Statement of Questions Involved,[4] his brief substantively addresses only the claim of identity theft. Accordingly, we find any challenge to the dismissal of Count I, regarding fraud against Radigan has been waived. See In re M.Z.T.M.W., 163 A.3d 462, 465-66 (Pa. Super. 2017) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citation omitted). Accordingly, the remaining issues before this Court involve the claim of identity theft, Count II, against Radigan and the availability of punitive damages attendant thereto.

The initial question before this Court is whether Johnson's claim that he suffered "embarrassment, humiliation, mental anguish and interference with business relationships" is compensable under 42 Pa.C.S. § 8315, which states:

> In a civil action based on identity theft as defined in 18 Pa.C.S. § 4120 (relating to identity theft), a court of competent jurisdiction may award damages as follows:

_____

[4] Appellant's Brief, at 4.

- 4 -

(1) Actual damages arising from the incident or $500, whichever is greater. Damages include loss of money, reputation or property, whether real or personal. The court may, in its discretion, award up to three times the actual damages sustained, but not less than $500.

(2) Reasonable attorney fees and court costs.

(3) Additional relief the court deems necessary and proper.

42 Pa.C.S. § 8315.

The trial court based its decision on two grounds. Initially, the trial court determined that identity theft was a form of fraud, and common law fraud requires proof of actual pecuniary loss, which is absent herein. While the trial court is correct that identity theft is a form of fraud, the court erred in applying the requirements for a claim of common law fraud in place of the statutory requirements necessary to make out a claim of damages for identity theft. Accordingly, we reject this reasoning.

Secondly, the trial court determined the specific language of Section 8315 made summary judgment appropriate. The statute allows a party to claim "actual damages." This phrase is not defined in the statute. In Bailets v. Pennsylvania Turnpike Commission, 181 A.3d 324 (Pa. 2018), our Supreme Court recently discussed the meaning of "actual damages" regarding the Whistleblower Statute, 43 P.S. § 1425. There, "actual damages" included the ability to recover for non-economic losses such as humiliation, embarrassment, loss of reputation and mental anguish. This favors Johnson's position that he has stated a proper claim for damages.

However, the statute at issue, Section 8315(1), includes not only an allowance to claim actual damages, but a short list of compensable damages. That list is comprised of "loss of money, reputation or property, real or personal." The list does not contain any other clarifying qualifier, found in some statutes, such as "shall be limited to…"[5] or "including but not limited to…"[6] The General Assembly clearly knows how to use qualifiers, but did not do so here. The inclusion of damage to reputation in Section 8315(1) demonstrates the General Assembly allows for claims of non-economic damages under the statute. This is logical, as identity theft can harm not only one's finances, but also one's good name.

The question remains whether Johnson's allegations of suffering embarrassment, mental anguish, humiliation and interference with business relationships fall under the rubric of loss of reputation. Mindful that we are required to review the evidence of record in the light most favorable to Johnson as the aggrieved party, we conclude it does.

The evidence found in the certified record shows Johnson's claim arises from not simply the use of his name and certified mechanic license number, but also from the resulting criminal investigation. See Motion for Summary Judgment, Exhibit E, supra. The State Police arrived at Rick Weaver & Sons,

_____

[5] See Commonwealth v. Fisher, 813 A.2d 761 (Pa. 2002), interpreting 42 Pa.C.S. § 9711(e)(8).

[6] See Darby v. Darby, 686 A.2d 1346 (Pa. Super. 1996), interpreting 23 Pa.C.S. § 4302.

shortly after Johnson began his employment there, and questioned him regarding the false use of his name and mechanic's license at Monro. Johnson claims this scenario produced his sense of humiliation, embarrassment, mental anguish, etc. Although not specifically stated by Johnson, these allegations also fairly encompass a challenge to Johnson's reputation as a licensed mechanic. If the authorities arrive at one's place of employment and raise questions regarding fraudulent work-related activities, surely such an event encompasses a challenge to one's professional reputation. Although Johnson did not use the word "reputation" in his second amended complaint, the evidence adduced is sufficient, at this point in the proceedings, to implicate Johnson's reputation.

The rules of statutory construction also support this interpretation: 1 Pa.C.S. § 1928(b) provides a list of classes of statutes that are meant to be strictly construed. While penal provisions are on the list of strictly construed statues, 42 Pa.C.S. § 8315, which references the crime of identity theft, it is not itself a penal provision. Pursuant to Section 1925(c), "All other provisions [not on the list found at Section 1928 (b)] shall be liberally construed to effect their objects and to promote justice." 1 Pa.C.S. § 1928(c).

Unfortunately, Section 8315 provides no statement of intent. However, it seems clear that a civil action regarding theft of identity is meant to help redress attacks on a person's name. The evidence in this matter, as found in the pleadings and exhibits, demonstrates that Johnson's reputation was attacked and he claims to have suffered traditional actual damages therefrom.

While reputation and mental anguish, etc., are not identical claims, in this matter, from the record as it appears at this time, they are sufficiently related to defeat summary judgment.

Johnson's claims for punitive damages were dismissed based on the determination he had failed to set forth an actionable claim. Because that determination is, at this time, incorrect, regarding the count of identity theft against Radigan, the claim of punitive damages related to that count is also revived.

Because Johnson has not argued against the dismissal of Count I, regarding fraud, or Count III, regarding respondeat superior against Monro,[7] the trial court's grant of summary judgment regarding those claims is affirmed. However, the grant of summary judgment in favor of defendant Radigan regarding Count II, identity theft, is reversed.

Order reversed in part as to summary judgment in favor of Radigan, regarding Count II, Identity Theft. Order affirmed in part as to summary judgment in favor of Radigan regarding Count I, Fraud, and in favor of Monro, regarding Count III, Respondeat Superior. This matter is remanded to the trial court for further proceedings. Jurisdiction relinquished.

_____

[7] It may seems logical that a revival of a claim against Radigan would revive the claim of respondeat superior against Monro. Certainly, the claim against Monro could not be revived without an attendant claim against Radigan. However, regarding the identity theft claim against Radigan, we are obliged to interpret Section 8315 liberally to promote justice and to achieve the effect of the statute. We take no position as to whether this includes the revival of a separate claim against a defendant that has not been specifically addressed by the Appellant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/11/2018</u>