**Diament v. Diament**

136

C.P. of Chester County, no. 1511 N 1996.

*Nancy Akbari,* for plaintiff.

*Elizabeth A. Plasser,* for defendant.

ENDY, *S.J.,* February 2, 2000—The above-referenced matters are before this court on Carol Diament's motion for reconsideration of our order and opinion dated December 1, 1999. Having reviewed our decision against the record and applicable law, we issue the following final determinations of fact and conclusions of law.

John and Carol Diament separated in August 1993 after 13 years of marriage. They have two children, Evan, born February 25, 1982, and Elizabeth, born May 16, 1984, both of whom reside primarily with Mr. Diament. The parties first appeared before this court in 1997. At that time we found Mr. Diament, a builder of high-end custom homes, had a net monthly income of $17,500. We assessed Mrs. Diament, then a corporate catering manager, an earning capacity of $2,000 net per month. Applying a *Melzer* analysis, we determined that Mrs. Diament did not have sufficient funds to meet her own reasonable needs and therefore ordered Mr. Diament to be fully responsible for the children's financial support. We awarded Mrs. Diament the sum of $3,600 per month as spousal support. We entered the support order on July 3, 1997.

The parties have not rested since the entry of our July 3, 1997 order. Mr. Diament filed and withdrew at least two petitions for modification in 1997 and 1998. Mrs. Diament is correct in her assertion that Mr. Diament's February 2, 1998 petition for modification was among those withdrawn. However, on April 9, 1998 Mr. Diament filed a new petition for modification of spousal support in no. 1511 N 1996 and a petition for child support in no. 637 N 1998. Neither of these petitions have

been resolved. Additionally, on October 21, 1998 Mr. Diament filed a petition to suspend Mrs. Diament's health insurance coverage and an emergency petition to suspend spousal support. Mrs. Diament filed a petition to increase spousal support on July 23, 1999. These last three petitions were consolidated by our order dated August 19, 1999. This order will dispose of all five outstanding petitions in the above-referenced matters.

In support of their cross-petitions for modification, the parties have alleged substantial and material changes in circumstances. For example, Mr. Diament's income has increased. Mrs. Diament's employer laid her off and she has not resumed gainful employment to this date. However, in December 1997, Mrs. Diament received a substantial sum in settlement of a tort action. As a result, her net monthly earning capacity has increased as well.

We are satisfied with and affirm our assessment of Mr. Diament's net monthly income at $18,534. We agree with Mrs. Diament that it was error to deduct the sum of $3,600 per month from Mr. Diament's income, representing the spousal support he was required to pay pursuant to the July 3, 1997 order under scrutiny.

Mrs. Diament's net income requires some recalculation. On December 31, 1997, Mrs. Diament received $343,857.33 in settlement of a tort action. In addition, she was awarded $35,000 as special relief in the same action. Finding no Pennsylvania cases providing guidance to a fact-finder as to the proper method of applying lump-sum distributions in the context of an action for child support and separate maintenance incident to divorce,[1] we opted to follow our sister state in *Connell v.*

---

1. But see *Humphreys v. DeRoss,* 737 A.2d 775 (Pa. Super. 1999) (5-4 decision [with sharp dissent] discussing application of lump-sum

*Connell,* 313 N.J. Super. 426, 712 A.2d 1266 (1998), and apply imputed interest earnings on the lump-sum distribution to the parent's income for support purposes. At an interest rate of 5 percent, Mrs. Diament is correct that the interest on the settlement money amounts to $17,193 rounded to the nearest dollar. Five percent of the lump-sum special relief amounts to $1,750.

Mrs. Diament suggests that we mistakenly "double-dipped" when we charged her with the receipt of $9,350 in dividend and interest income as reported on her 1998 personal tax return. Mrs. Diament claims she testified that this sum represented her actual interest income from the proceeds of her lump-sum tort award. Having reviewed the transcript, we find no such testimony. Mrs. Diament did testify that she placed some of the proceeds from her settlement into a Dean Witter account (see N.T. 233-34, 9/28/99), but she did not testify as to the amount. Excluding her Dean Witter investment income, we find Mrs. Diament maintains interest, dividend, and capital gain income of $5,247.

Lastly, we are satisfied that Mrs. Diament retains an earning capacity of $2,000 net per month, despite her thumb injury. As we pointed out in our December 1, 1999 opinion, Mrs. Diament is an innovative and accomplished entrepreneur. She has owned and operated three businesses. She is college-educated and has employment experience in many different fields, from real estate to

---

inheritance in child support action; no divorce pending); *Darby v. Darby,* 455 Pa. Super. 63, 686 A.2d 1346 (1996) (application of lump-sum award in child support context; no divorce pending); *Witherow v. Witherow,* 288 Pa. Super. 519, 432 A.2d 634 (1981) (application of lump-sum workers' compensation award in child support action; no evidence of pending divorce).

retail sales. She is a licensed esthetician and is at present in the process of developing two businesses in which she will be a principal participant. We are certain with her talent and experience she can find employment sufficient to net $2,000 per month.

Exclusive of her imputed monthly net earnings, Mrs. Diament has gross annual unearned income in the amount of $24,190. With her itemized deductions we estimate that Mrs. Diament would not pay federal taxes on this sum and would only pay $677 in state taxes. Her net unearned income would be $23,513 annually. When added to her net imputed income, Mrs. Diament has net earnings of $47,513 annually, or $3,959 per month.

Again, because the parties' aggregate net monthly income exceeds $15,000 per month, the parties' respective child support obligations must be determined according to *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984). Pa.R.C.P. 1910.16-2(e). The first step under *Melzer* is to determine the Diament children's reasonable needs. Two years ago we concluded that the Diament children required an expenditure of $3,500 per month for their reasonable needs. Although neither party has introduced evidence that the children's needs have increased, Mrs. Diament correctly pointed out the "presumptive minimum" amount of support, the figure representing the least amount of child support a court applying *Melzer* may award, has increased as a result of the changes to the statewide guidelines. Consequently, we find that the Diament children's needs can be satisfied with an expenditure of $3,653 per month, the new presumptive minimum for parents at the parties' income levels.

The next step is to determine each parent's respective ability to meet the children's reasonable needs. This requires a determination of each parent's net income available for support; that is, each parent's income after deducting his or her own reasonable needs and expenses. *Melzer v. Witsberger,* 505 Pa. 462, 472, 480 A.2d 991, 996 (1984). We affirm our previous finding that each party may meet his or her own reasonable needs with an expenditure of $4,700 per month. Deducting this figure from Mr. Diament's net monthly income leaves the sum of $13,834 per month available for support. Mrs. Diament's income remains insufficient to meet her own reasonable needs; therefore she will have no obligation to contribute to her children's financial support. Based on our application of *Melzer* and our finding that Mrs. Diament's economic situation absolves her of the obligation to contribute financially to her children's support, Pa.R.C.P. 1910.16-4(e) is not applicable.

Turning to the formula for spousal support which takes into consideration a parent's obligation to his or her children, Pa.R.C.P. 1910.16-4(a)(IV)(12)-(18), we find Mr. Diament is liable to support Mrs. Diament in the amount of $3,277 per month. Mr. Diament will be required to continue to provide Mrs. Diament with health insurance coverage at his sole expense. Based on the foregoing, Mr. Diament's petition for modification of spousal support, filed April 9, 1998, is granted. Mr. Diament's petition for child support, filed April 9, 1998, is denied. Mrs. Diament's petition for modification of spousal support, filed July 23, 1999, is denied. Mr. Diament's emergency petition to suspend support and petition to suspend health insurance coverage, both of which were filed October

21, 1998, are hereby denied. Mr. Diament will be entitled to a credit against spousal support in the amount of $300 per month until the credit is absorbed in full. This order shall be effective April 9, 1998.

## ORDER

And now, February 2, 2000, consistent with the foregoing opinion and based on this court's determination that Mr. Diament's monthly net income is $18,534 and Mrs. Diament's monthly net earning capacity is $3,959, the order, dated December 1, 1999 is vacated and it is hereby ordered and decreed that:

(1) Mr. Diament's petition for modification, filed April 9, 1998, is granted; John Diament shall be required to pay to the support collection and disbursement unit in Harrisburg, Pennsylvania for transmission to Carol Diament the sum of $3,277 per month as spousal support;

(2) Mr. Diament's petition for child support, filed April 9, 1998, his petition to suspend health insurance coverage, filed October 21, 1998, and his emergency petition to suspend spousal support, filed October 21, 1998 are denied;

(3) Mrs. Diament's petition for modification, filed July 23, 1999, is denied;

(4) Mr. Diament shall continue to provide health insurance coverage for Mrs. Diament and the children at his sole expense; in addition, Mr. Diament shall be required to pay 100 percent of Mrs. Diament's and the children's unreimbursed medical expenses, as that term is defined in Pa.R.C.P. 1910.16-6(c)(1);

(5) Mr. Diament shall be entitled to a credit against spousal support in the amount of $300 per month for

payments made since April 9, 1998 in excess of the amount required by this order, until such credit is absorbed in full;

(6) The effective date of this order is April 9, 1998.

## IMPORTANT LEGAL NOTICE

Parties must within seven days inform the domestic relations section and the other parties, in writing, of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to, loss or change of income or employment and change of personal address or change of address of any child receiving support. A party who willfully fails to report a material change in circumstances may be adjudged in contempt of court and may be fined or imprisoned.

Pennsylvania law provides that all support orders shall be reviewed at least once every three years if such a review is requested by one of the parties.

A mandatory income attachment will issue unless obligor is not in arrears in payment in an amount equal to or greater than one month's support obligation and (1) the court finds that there is good cause not to require immediate income withholding; or (2) a written agreement is reached between the parties which provides for an alternate arrangement.

It is further ordered, that upon obligor's failure to comply with this order, obligor may be arrested and brought before the court for a contempt hearing; obligor's wages, salary, commissions and/or income may be attached in accordance with law.