527 A.2d 155

**Mary A. FLORY, Appellant,**

v.

**Paul Thomas FLORY, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1987.

Filed June 12, 1987.

68

Darrell N. Van Ormer, Jr., Elizabethtown, for appellant.

David E. Wagenseller, III, Lancaster, for appellee.

Before BECK, HESTER and ROBERTS,* JJ.

* This decision was rendered prior to the death of Justice Roberts.

BECK, Judge:

■ This appeal presents the issue of whether the income from a child's guardianship account, established in settlement of a tort claim of the child, can be used to meet his support needs. We hold that such use of the income is improper unless the court determines that his parents are unable to provide for his support out of their own resources.

Plaintiff-appellant, Mary A. Flory, and defendant-appellee, Paul Thomas Flory, were married on August 30, 1970. Four children were born during the marriage: Paul, age 14; Joseph, age 12; Margaret, age 10; and Jacob, age 8. The parties separated in February of 1981. Appellant subsequently filed a complaint for support, and on March 25, 1983 an order was entered directing appellee to pay $80 a week support for the four children.

The parties were divorced on January 27, 1984, at which time an amended order was entered directing appellee to pay $60 a week for the support of Paul, Margaret, and Jacob. Support for Joseph was not provided.

On July 18, 1985, appellee filed a petition to modify, seeking credit for six weeks' support for the period in the summer when he had temporary physical custody of the children. On September 11, 1985, appellant petitioned for an increase in the amount of the support order, alleging changed circumstances.

A conference was held before a domestic relations hearing officer on September 17, 1985. No agreement was reached, and the case was listed as complex. Following a hearing on April 7, 1986, the trial court dismissed both petitions for modification. This timely appeal by Mrs. Flory followed.

■ Appellant first contends that the trial court erred in allowing appellee's support obligation to one of his four children, Joseph, to be satisfied from a guardianship account established in settlement of Joseph's personal injury tort claim without first engaging in a searching inquiry into

appellee's ability to support Joseph out of his own financial resources. We agree.

Our scope of review in a support proceeding is a narrow one. Absent a clear abuse of discretion, we will defer to the order of the trial court. *Banks v. Banks,* 275 Pa.Super. 439, 418 A.2d 1370 (1980). Abuse of discretion occurs if, "in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable as shown by the evidence of the record." *Prescott v. Prescott,* 284 Pa.Super. 430, 435, 426 A.2d 123, 126 (1981). We find that the trial court committed an error of law in failing to follow the analysis outlined in *Sutliff v. Sutliff,* 339 Pa.Super. 523, 489 A.2d 764 (1985), *allocatur granted,* 509 Pa. 436, 502 A.2d 1231 (1985).

In *Sutliff v. Sutliff,* we held that the assets of a minor child held by a custodian under the Uniform Gifts to Minors Act may not be considered in determining the support obligation of a parent who is financially able to support his minor child. We explained that:

The primary basis of our holding is the paramountcy of a parent's obligation to support his or her minor children. We have described this duty as 'well nigh absolute.' *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 40, 457 A.2d 98, 102 (1983). Both parents have an equal obligation to support their children in accordance with the capacity and ability of each to do so. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974); *Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562, 429 A.2d 665 (1981); *Commonwealth ex rel. Mainzer v. Audi,* 266 Pa.Super. 122, 403 A.2d 124 (1979). A parent is required to sacrifice personal luxuries to provide his or her children with their needs. *Conway v. Dana; Commonwealth ex rel. Williams v. Williams,* 242 Pa.Super. 550, 364 A.2d 410 (1976); *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963). The only limitation is that a support order should allow for reasonable living expenses of the paying parent and not be punitive or confiscatory. *Shank v. Shank,* 298

Pa.Super. 459, 444 A.2d 1274 (1982); *Dugery v. Dugery,* 276 Pa.Super. 51, 419 A.2d 90 (1980).

The above cases are clearly predicated on the principle that the burden of supporting minor children is to be borne by the parents, and that the courts will not allow a minor child to fend for himself when his parents are able to support him.

*Id.,* 339 Pa.Super. at 538–39, 489 A.2d at 771.

■ Thus, a parent should not typically be permitted to evade his or her obligation of support to a child by depleting the child's own assets. However, where the parents are genuinely unable to provide for their child's needs, the child's trust income can be applied to his support. On remand, we direct the trial court to examine the reported financial resources, earning ability, and living expenses of the parties and determine whether or not they should be expected to provide support for Joseph from their own resources.

■ We note that in calculating the support appellee is able to provide Joseph, the court must take into account the legitimate support needs of the other children. The court must determine the overall amount appellee is able to pay in support of his children. Then it must determine the different individual needs of appellee's children other than Joseph. Appellee's resources must be allocated first to those of his children without another source of income. If appellee's resources are sufficient to meet those needs, the court should then apply them to Joseph's maintenance. If there is a deficiency, the deficiency may be made up by income from Joseph's guardianship account.

■ Appellant further contends that the trial court erred by basing its assessment of appellee's ability to pay support solely on the income he reported on his federal income tax return. We agree with appellant that it is actual financial resources and earning ability, not merely taxable income, that is relevant in determining a parent's support obligation. *Commonwealth ex rel. Hagerty v.*

*Eyster*, 286 Pa.Super. 562, 429 A.2d 665 (1981); *Shuster v. Shuster*, 226 Pa.Super. 542, 323 A.2d 760 (1974). Federal income tax law permits deductions that may not reduce a parent's disposable income:

> It is well established that in evaluating a parent's support obligation the lower courts should consider the parent's income (or potential earning power if there is a disparity between that figure and actual income) and the full nature and extent of the parent's property interests and financial resources.... The parent's stock holdings, and other investments, at their market value, are among the factors the lower court should consider.... Quite naturally, the court should consider a parent's income, from whatever source; included in income should be monies received from the rental of real estate, but that "income" must reflect actual available financial resources and not the oft-time fictional financial picture which develops as the result of depreciation deductions taken against rental income as permitted by the federal income tax laws.... Otherwise put, 'cash flow' ought to be considered and not federally taxed income.

*Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa.Super. at 568–69, 429 A.2d at 668–669 (citations omitted).

Reversed and remanded for proceedings consistent with this opinion.