J-A19018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA L. WINDISCH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY A. WINDISCH | : | No. 255 EDA 2020 |

Appeal from the Order Dated December 23, 2019
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2015-FC-1430

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                Filed: November 25, 2020

Patricia Windisch ("Wife") appeals from the trial court order modifying the amount of alimony owed to her by Jerry Windisch ("Husband"). Wife claims the trial court erred in granting the petition to modify, in calculating the new alimony amount, and in failing to treat as income the debts that Husband discharged in bankruptcy. We affirm.

Husband and Wife were married for 40 years before separating in 2015. They reached a settlement agreement in 2017, in which Husband agreed to pay Wife alimony for 11½ years and the parties agreed that the alimony amount would be modifiable upon a "significant change in circumstances":

> Alimony – or APL will be modifiable based on a significant change in circumstances in accordance with the law. And upon modification, will be calculated in the manner as APL is calculated under the Rules of Civil Procedure, that is, 40 percent of the difference in the parties' net incomes. It is understood that the parties are both nearing retirement age. Husband is 64 and . . . [W]ife is 65. And they will stop

working at some point in the foreseeable future. And that would be a basis for modification at that time.

N.T., 9/18/17, at 9. Pursuant to the agreement, Husband assumed sole responsibility for all unsecured marital debts, totaling $179,297. *Id.* at 5; Trial Court Opinion, filed Feb 10, 2020, at 1 n.1 ("Rule 1925(a) Op."). The parties were divorced in June 2019, and the divorce decree incorporated the settlement agreement.

In May 2019, Husband filed a petition for modification of alimony due to a substantial and continuing change in income. A divorce master held a hearing at which Husband testified that he had retired because he had reached retirement age and his employer was eliminating his position. N.T., 7/31/19, at 9. He also testified that he had filed for bankruptcy and he would receive a discharge of the remaining debts he had assumed in the marital settlement, which amounted to $126,230. *Id.* at 15-18. However, he said he had paid down the debts before declaring bankruptcy, and had reaffirmed some debts after the bankruptcy. *Id.* at 17-18. In addition, Husband testified that he had formed a company "to look at opportunities in the future to do something, although [the business] was primarily set up to help [his girlfriend]." *Id.* at 19. However, he said the business had not yet generated income. *Id.* at 29.

In October 2019, the Master recommended, and the trial court approved, an order that granted Husband's petition, and reduced Husband's monthly alimony to $370. The Master concluded:

> Excluding the pension-derived income based upon its characterization as equitable distribution, the parties' respective incomes consist of Social Security benefits. Wife

- 2 -

receives approximately $1,430.00 per month and Husband receives approximately $2,860.00 per month in such benefits. The parties then have deductions made for Medicare benefits which result in net incomes of approximately $2,150.00 for Husband and $1,225.00 for Wife. Based upon the parties' agreement that any modification would utilize the formula set forth in the old guidelines of forty percent (40%) of the net difference between incomes and the fact that the parties' agreement regarding post-divorce alimony was made prior to January 1, 2019, it is concluded that Husband's obligation should be reduced to $370.00 per month effective June 1, 2019.

Order of Court, filed Oct. 22, 2019, at 1 n.1.

The Master also addressed the debts Husband had discharged in bankruptcy:

Testimony offered by Husband at the time of the Hearing on his Petition for Modification of Alimony seemed to lend credence to the allegations that he in fact incurred numerous expenses for a girlfriend he was involved with prior to the parties' separation. Thus, accepting responsibility for debts in place at the time of separation was not entirely benevolent on his part. However, the parties certainly had truly martial obligations in place at the time of separation and Husband assumed sole responsibility for payment of same. While Husband in fact filed for bankruptcy protection and discharged some of the debts following the parties' agreement, he paid a portion of the debts prior to the bankruptcy filing and affirmed another portion of the debts so that same in reality survive the bankruptcy action.

Notwithstanding these debt issues, the parties equitably divided their assets by agreement at the time of the Hearing in September, 2017. In addition to division of assets and liabilities, of paramount importance is the fact that Husband stated on the record that based upon his age and the status of his employment with his company at the time of the Hearing, he anticipated a "forced" retirement in the near future following that Hearing. Both Husband and Wife were nearing retirement age at the time of the Hearing and so

Wife could have been under no illusions that Husband would likely have paid eleven and one-half (11½) years of alimony. However, that term was agreed upon by the parties in the event Husband continued some form of employment in conjunction with further agreement as to provision of health insurance coverage for Wife based upon such employment.

*Id.*

Wife filed exceptions, which the trial court denied. It explained that the Master "considered the fact that [Husband] filed for bankruptcy protection which discharged some of the debts that he assumed as part of the parties' equitably dividing their assets by agreement." Order, filed Dec. 20, 2019, at 1 n.1. The trial court found Husband's retirement provided a reasonable basis for modifying the alimony amount and concluded that the Master appropriately "determined the amount of alimony due to [Wife] to be $370.00 per month, based on the parties' incomes, which properly did not include [Husband's] debt discharged in bankruptcy." *Id.* The court explained in its Rule 1925(a) Opinion that in light of the totality of the circumstances, including the fact that federal tax law does not treat the discharge of indebtedness in bankruptcy as income, and because the parties agreed to the division of their assets and liabilities in the settlement agreement, it did not include the Husband's discharged debts as income for purposes of calculating alimony. Wife filed a timely Notice of Appeal.

Wife raises the following issues:

A. Did the trial court commit an error of law or abuse of discretion in granting [Husband's] petition for modification

of alimony as the totality of the circumstances did not justify a modification?

B. Did the trial court commit an error of law or abuse of discretion in calculating the modified amount of alimony as it failed to consider all relevant factors?

C. Did the trial court commit an error of law or abuse of discretion in calculating the modified amount of alimony as it failed to give appropriate consideration to [Husband's] discharge of over $125,000.00 in debt?

Wife's Br. at 4.

Wife first argues that the court erred in granting the petition to modify. She agrees that, pursuant to the agreement, alimony would be modifiable based on a significant change in circumstances, and that the parties anticipated Husband's retirement. However, she argues that Husband's retirement should be viewed in light of the totality of the circumstances, and that the court failed to consider Husband's discharge of debt in bankruptcy or his ownership of a joint business with his girlfriend. She argues that, when the totality of the evidence is considered, including the joint business and discharged debts, Husband failed to meet his burden to show a significant change in circumstances that would justify a modification of the alimony award.

When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. *Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa.Super. 2007). When reviewing an order interpreting a marital

settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion. *Id.*

Because the parties agreed to an alimony award, 23 Pa.C.S.A. § 3105 governs. *Egan v. Egan*, 125 A.3d 792, 799 (Pa.Super. 2015). Section 3105 provides that "alimony agreements are 'not [to] be subject to modification by the court' unless the agreement contains 'a specific provision to the contrary.'" *Rosiecki v. Rosiecki*, 231 A.3d 928, 933 (Pa.Super. 2020) (quoting 23 Pa.C.S.A. § 3105(c)).

Here, Wife agrees that the agreement permitted modification of the alimony upon a change in circumstances, including Husband's retirement. However, she claims the court erred in finding a change in circumstances. In its Pa.R.A.P. 1925(a) Opinion, the trial court explained that Husband's retirement and reduction in income was a significant change in circumstances, and although Husband had started a consulting business, it had not yet generated income:

> [T]he evidence established that [Husband] voluntarily retired from his employment on May 31, 2019. As a result of [Husband's] retirement, [Husband] began to receive Social Security benefits in June 2019 in the amount of $2,861.00 per month. Furthermore, although [Husband] has a 50% interest in a consulting business, J&L Business Consulting, LLC, this venture has not generated any income to date. In light of the record evidence, this Court properly found that [Husband] was retired and has no other significant source of income other than Social Security benefits. Consequently, this Court appropriately and legally concluded that there was a significant change of circumstances which formed the basis for granting the petition to modify.

Rule 1925(a) Op. at 4 (footnote omitted).

The court did not commit an error of law or abuse its discretion. Husband retired, which constitutes a change in circumstances, and the court permissibly found that his sole income was now his Social Security benefits. In so finding, the court considered the totality of the circumstances, including the marital settlement agreement, Husband's discharge of some debts in bankruptcy, and the fact that he had started a business through which he may perform some work in the future but that had not yet provided him any income.

Wife next claims the trial court erred in calculating the modified award because it did not consider all relevant factors. She notes her arguments on this issue are the same as her arguments in support of her claim the court erred in granting modification, that is, the court failed to consider Husband's business with his girlfriend and his discharge of debt in bankruptcy.

23 Pa.C.S.A. § 3701 governs alimony and provides a list of factors a court should consider when addressing alimony:

> (b) Factors relevant.--In determining whether alimony is necessary and in determining the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors, including:
>
> > (1) The relative earnings and earning capacities of the parties.
> >
> > (2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to

> property rights), to provide for the party's reasonable needs.
>
> (17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b).

As we explained in the preceding issue, the court properly considered the totality of the circumstances, and did not abuse its discretion, when modifying the alimony. We similarly conclude that the court did not abuse its discretion in calculating the alimony amount. Contrary to Wife's contentions, the court considered all relevant factors, including Husband's new business and his discharge in bankruptcy. The court simply viewed those factors differently than Wife contends it should have. However, because the new business has not generated income yet, and federal law does not treat a discharge in bankruptcy as income, we cannot say the court abused its discretion or committed an error of law in setting the new alimony amount.

In her final claim, Wife claims the trial court erred in failing to consider the debts Husband discharged in bankruptcy as income. She notes the court did not consider the discharged debts as income to Husband and did not factor it into the court's analysis in modifying alimony. She argues that, although the Internal Revenue Code states discharged debt is not included in gross income for federal tax purposes, it does not govern whether it may be included for purposes of determining an alimony obligation.

The court concluded it did not err in not including the discharged debt as income for calculating alimony:

[Wife] argues that the discharged debt in bankruptcy should have been included as income attributable to [Husband] to establish the modified amount of alimony. Specifically, [Wife] contends that [Husband] should be attributed income in the amount of $126,230.00, representing a discharge of unsecured debt through a bankruptcy proceeding. This argument has no legal merit.

In the within matter, the evidence established that at the time of equitable distribution, [Husband] exonerated [Wife] of all unsecured marital debt, namely $179,297.00. Of this total debt, [Husband] paid off $53,067.00 prior to filing for bankruptcy. In addition, [Husband] affirmed a portion of the debts, effectively having those debts survive the bankruptcy action. [The trial court] recognize[d] that discharge of indebtedness due to insolvency for a Chapter 11 Bankruptcy, pursuant to Title 11 of the United States Code, is not considered income by the Federal Internal Revenue Service. [It] found, based on the fact that the parties agreed to the division of their assets and liabilities at the time of the Settlement Agreement, and that it would be inconsistent with federal bankruptcy law to consider the discharge of debt to be income, that the discharge of the debt was not income for purposes of calculating alimony. In light of the totality of the circumstances, [the court] appropriately concluded that the discharged debt should not be included in the calculation of the alimony obligation.

1925(a) Op. at 4-5.

Wife claims it was error to apply the federal income tax law in determining the discharged debt was not income. She notes that federal tax law is not "the [a]uthority in determining a Party's income under the Domestic Relations Code." Wife's Br. at 18.

Wife relies on **Darby v. Darby**, 686 A.2d 1346 (Pa.Super. 1996). There, the Court was considering whether a substantial one-time payment that a father received in settlement of a tort action was properly income for purposes of determining the amount he owed in child support. **Id.** at 1348. The father

had argued that the court should not consider the settlement as income for support purposes because federal law did not treat it as income for tax purposes. We pointed out that the statutory definition of "income" for purposes of support explicitly included "discharge of indebtedness," and explained that tax law was not a basis for overriding that statutory definition:

> We are not persuaded that the tax definitions of income are controlling with regard to defining income for purposes of support. Tax law contains many preferences and definitions for fiscal and other purposes which have no relationship to support. We specifically have held that taxable income is not the same as net income used to determine support obligations. **See Flory v. Flory**, 364 Pa.Super. 67, 527 A.2d 155 (1987) (it is actual income and not taxable income which constitutes the basis for calculating support). Moreover, the support law contains no reference to tax law. Accordingly, we reject appellant's assertion that federal or Pennsylvania tax treatment of personal injury awards is persuasive with respect to classifying money for support purposes.

*Id.* at 1348-49.

Unlike the court in **Darby**, here the court was determining an alimony award, not a child support award, and the statutory definition of "income" does not govern alimony. That definition appears in 23 Pa.C.S.A. § 4302, which provides definitions for Chapter 43 of Domestic Relations Code, "Support Matters Generally." That chapter does not apply to alimony, as the Divorce Code is in Chapters 31 through 39 of Title 23. **See** 23 Pa.C.S.A. §§ 3101, 3701.

Moreover, here we are concerned with the application and enforcement of a marital settlement agreement, and Wife has not identified anything that

- 11 -

requires the court to consider the discharge of a debt as income for purposes of modification of alimony. In this context, we do not find fault in the trial court's examination of the totality of the circumstances, including federal tax law and the parties' intention in dividing their assets and liabilities, to determine not to include the discharged debts as income to Husband. **See Stamerro v. Stamerro**, 889 A.2d 1251, 1261 (Pa.Super. 2005) (approving trial court's reference to "relevant Divorce Code provisions" and "purpose and attendant circumstances" of marital settlement agreement, to determine relevant sources of income for purposes of modification of alimony). The trial court did not abuse its discretion in concluding the discharged amount was not additional income, and, therefore, not including it in Husband's income when determining alimony.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20