J-S35045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DIANA CERVANTES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DELGADO | : | |
| | : | |
| Appellant | : | No. 447 MDA 2023 |

Appeal from the Order Entered February 21, 2023
In the Court of Common Pleas of Dauphin County Domestic Relations at
No(s):  01099-DR-18

| | | |
|---|---|---|
| DIANA CERVANTES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY DELGADO | : | No. 458 MDA 2023 |

Appeal from the Order Entered February 21, 2023
In the Court of Common Pleas of Dauphin County Domestic Relations at
No(s):  01099-DR-18,
PACSES 976117234

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED NOVEMBER 08, 2023**

These matters are consolidated cross-appeals filed by Anthony Delgado

(Father) and Diana Cervantes (Mother) from a child support order.  For the

reasons set forth below, we affirm in part and reverse in part.

---

[*] Retired Senior Judge assigned to the Superior Court.

Mother and Father, who were married in 2013 and divorced in 2018, have a son who was born in 2012 (Child). Mother and Father share physical custody of Child on a 50/50 basis. Father was ordered in September 2020 to pay $422.39 in child support per month. Trial Court Order, 9/14/20. On December 30, 2020, Father filed a petition for modification of child support, and the Dauphin County Domestic Relations Office, following a child support conference, issued an order reducing Father's support obligation, other than payment of arrears, to zero. N.T., 10/18/22, at 3-5. Mother filed a timely appeal for a *de novo* hearing and the trial court granted Mother's request to take discovery concerning Father's income.

The trial court held hearings on October 18, 2022 and November 22, 2022, at which Mother and Father testified and introduced documents concerning their income. Mother testified that she is employed as a home healthcare worker, that she works 84 hours per week, and is paid $9.50 per hour for 40 of the hours that she works and a $14.25 per hour overtime rate for the remaining 44 hours. N.T., 10/18/22, at 7-8, 25-26. Father testified that he is a self-employed truck driver, that he was paid $146,145 in 2021, that he reported on his 2021 federal and state tax returns expenses of $85,619 for fuel, truck maintenance and repair, license plate fees, and insurance in earning that income, and that in 2022 he was paid $105,919 through October 13. N.T., 10/18/22, at 33-34, 38-40, 44-49. Father did not introduce any evidence of 2022 business expenses. Appellant's Brief at 9 n.1.

On February 21, 2023, the trial court entered a child support order ordering Father to pay $442.00 per month in child support effective January 1, 2022. Trial Court Order, 2/21/23. The trial court based this child support amount on its determinations that Father's gross monthly income was $6,930 and Mother's gross monthly income was $5,242. Trial Court Opinion at 4-5 & attached calculations. Father filed a motion for reconsideration of the child support order, which the trial court denied on March 8, 2023. Father and Mother timely appealed the child support order on March 17, 2023 and March 20, 2023, respectively. On June 13, 2023, this Court *sua sponte* consolidated the appeals.

The only claims of error that the parties assert in these appeals concern the trial court's determination of their gross income, which the trial court used as their earning capacity in calculating child support. Father raises as his sole issue in his appeal the contention that the trial court incorrectly calculated his gross income by not subtracting all of his claimed business expenses from the amount that he was paid as an independent contractor for his work. Appellant's Brief at 8, 14-15. Mother contends that the trial court did not err in its calculation of Father's income and raises as her single issue the claim that the trial court incorrectly calculated her monthly gross income. Appellee/Cross-Appellant's Brief at 4. Neither Father nor Mother claims that the trial court erred in calculating child support in any respect other than the gross income that it used in those calculations.

Our review of the trial court's order is limited to determining whether the court abused its discretion and whether there is insufficient evidence to support the order. *M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020); *Kimock v. Jones*, 47 A.3d 850, 853-54 (Pa. Super. 2012).

> When evaluating a [child] support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*M.E.W.*, 240 A.3d at 634 (quoting *Brickus v. Dent*, 5 A.3d 1281 (Pa. Super. 2010)). Moreover, where, as here, the trial court hears the evidence as fact finder, its credibility determinations are binding on this Court. *M.E.W.*, 240 A.3d at 634; *Mackay v. Mackay*, 984 A.2d 529, 533 (Pa. Super. 2009). This Court

> must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand.
>
> When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province, as are credibility determinations, and the court is free to choose to believe all, part, or none of the evidence presented. This Court is not free to usurp the trial court's duty as the finder of fact.

***M.E.W.***, 240 A.3d at 634 (quoting ***Mackay***).

The trial court found that Father's gross annual income was $83,160, and that his gross monthly income was $6,930, one-twelfth of that annual income. Trial Court Opinion at 5. The trial court based this determination on the evidence that Father was paid $146,145 in 2021 and $105,919 in the first $9^1/_2$ months of 2022 and its conclusion that Father's claims concerning the amount of his business expenses were not credible and that the pay that Father received could only therefore be reduced by a portion of the claimed expenses. ***Id.*** at 3-5. Father argues that the trial court abused its discretion in determining his gross income because it was allegedly required to deduct all of his claimed $85,619 in business expenses from the $146,145 that he was paid in 2021 in determining his gross income. We do not agree.

Unreimbursed business expenses may be deducted in determining a party's monthly gross income where those expenses are supported by appropriate itemizations and constitute *bona fide* expenses. ***Berry v. Berry***, 898 A.2d 1100, 1107 (Pa. Super. 2006); ***Cramer v. Cramer***, No. 1071 MDA 2019, slip op. at 6 (Pa. Super. January 31, 2020) (unpublished memorandum). A mere bald claim that particular amounts are business expenses without itemization or documentation, however, is insufficient to support deduction of those expenses in calculating gross income. ***Berry***, 898 A.2d at 1107-08 (reducing gross income based on claimed business expenses

that were not supported by itemization or documentation was abuse of discretion).

Here, Father did not introduce documents at the hearings that showed actual payment of $85,619 in business expenses. Rather, Father based his claim that he incurred business expenses in that amount on the fact that those expenses were deducted from his income on his 2021 tax returns. N.T., 10/18/22, at 45-46. The document on which the tax deductions were based was a list of categories of expenses that Father created himself. *Id.* at 46-47. That list did not document or itemize any of the actual expenditures that constituted over $79,000 of the claimed business expenses, lumping all fuel expenses together as a total of over $37,000 and all truck maintenance and repair expenses as a total of over $42,000. *Id.* at 47-49. Father's claims that he paid for his fuel and insurance were contradicted by documents that showed that the pay that he received was calculated after some of those expenses were paid by the company that hired him. N.T., 11/22/22, at 12-13, 35-39, 51. In addition, Father introduced no evidence of the amount of business expenses that he incurred in 2022.

Given the lack of supporting documentation and itemization, the trial court did not abuse its discretion in not reducing Father's gross income by the amount of business expenses that he claimed. *Berry*, 898 A.2d at 1107-08. The fact that an expense has been deducted from income on a party's tax returns is not dispositive of whether it can be deducted in determining the

income on which child support is based. ***Labar v. Labar***, 731 A.2d 1252, 1257 (Pa. 1999); ***Flory v. Flory***, 527 A.2d 155, 157 (Pa. Super. 1987); ***Cramer***, No. 1071 MDA 2019, slip op. at 7-9. Moreover, the $85,619 figure was based solely on Father's assertions, in his tax returns, in his self-created list, and in his testimony, that he incurred that amount of business expenses, and the trial court found that Father was not credible. Trial Court Opinion at 3-5. Because Father did not prove the expenses that he claimed, the trial court did not err in rejecting his claimed expenses. Father therefore has not shown any error prejudicial to him in the trial court's calculation of his gross monthly income based on an annual gross income of $83,160, an amount over $60,000 lower than the pay he received in 2021 and over $20,000 less than he was paid for only $9^1/_2$ months of 2022.

In her appeal, Mother argues that the trial court erred in determining that her monthly gross income was $5,242 and in using that amount in calculating child support because a $5,242 monthly gross income is inconsistent with both the evidence introduced at the hearings and the trial court's finding concerning Mother's weekly gross income. We agree.

At the hearings, Mother testified that she works 84 hours per week and is paid $9.50 per hour for 40 of those hours and $14.25 per hour for the remaining 44 hours. N.T., 10/18/22, at 8, 25-26. Mother also introduced pay stubs in evidence showing that her gross pay from her employer was $1,007 per week. ***Id.*** at 30-31. The trial court found Mother's testimony credible

and that her weekly earnings were 40 hours at $9.50 per hour and 44 hours at $14.25 per hour, Trial Court Opinion at 4, which mathematically results in a weekly gross income of $1,007. A weekly gross income of $1,007 would yield a monthly gross income of $4,376, not a monthly gross income of $5,242. Thus, the trial court's determination that Mother's monthly gross income was $5,242[1] is unsupported by the evidence and inconsistent with its own finding concerning what Mother was paid. The trial court therefore abused its discretion in using $5,242 as Mother's monthly gross income.

Because Father has not shown that the trial court abused its discretion in its determination of his income, we affirm its finding that his gross monthly income was $6,930. Because the trial court's determination that Mother's monthly gross income was $5,242 was a miscomputation or misstatement unsupported by the evidence that the trial court found credible, we reverse that determination and remand this case to the trial court for recalculation of child support based on Father's gross monthly income of $6,930 and Mother's gross monthly income calculated from the trial court's supported finding that her weekly gross income was $1,007.

_____

[1] It appears that this error may be the result of accidentally importing Mother's gross monthly income at the time of the Domestic Relations Office conference in January 2021, which was $5,242 because she was working 14 more hours a week at $14.25 for a weekly gross income of $1,206.50 before her work hours were later cut back to 84 hours per week. N.T., 10/18/22, at 3-4, 25-26.

Order affirmed in part and reversed in part. Case remanded for further further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/8/2023